| | |
|---|---|
| David Bradberry individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>Abercrombie & Fitch Co., Michael S. Jeffries, Matthew Smith, and The Jeffries Family Office, LLC,<br><br> Defendants. | Case No. 23-cv-09440-JHR |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MATTHEW SMITH'S MOTION TO DISMISS THE COMPLAINT

/s/ David A. Rothstein
David A. Rothstein (*pro hac vice*)
Alexander M. Peraza (*pro hac vice*)
Eshaba Jahir-Sharuz (*pro hac vice*)

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
**2665 South Bayshore Drive, PH-2B**
**Miami, Florida 33133**
**(305) 374-1920**

Jonathan S. Sack
Ryan McMenamin

**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600**

*Attorneys for Defendant Matthew Smith*

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 4

*Biggs v. City of N.Y.*, 2010 WL 4628360 (S.D.N.Y. 2010) ..................................................... 4

*C.Q. v. Estate of Rockefeller*, 2021 WL 4942802 (S.D.N.Y. 2021) ....................................... 4

*Cohen v. Am. Airlines, Inc.*, 13 F.4th 240 (2d Cir. 2021) ....................................................... 2

*Dawson v. City of Mount Vernon*, 2023 WL 7219882 (S.D.N.Y. 2023) ................................ 4

*Doe v. Alsaud*, 224 F. Supp. 3d 286 (S.D.N.Y. 2016) ............................................................ 4

*Evergreen Line A Joint Serv. Agreement FMC No. 011982 v. US Dynamics Recycling LLC*, 2018 WL 6313607 (S.D.N.Y. 2018) ................................................................................... 4

*Goolden v. Wardak*, 2020 WL 4271695 (S.D.N.Y. 2020) ...................................................... 5

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) ................................................................. 4

*HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86 (S.D.N.Y. 2020) ................................................... 4

*Johnson v. NYU Langone Health,* 2023 WL 6393466 (S.D.N.Y. 2023) ............................. 2, 4

*Karupaiyan v. Experis IT*, 2022 WL 4280529 (S.D.N.Y. 2022) ............................................. 2

*Monroe v. Jouliana*, 2021 WL 6052162 (S.D.N.Y. 2021) ..................................................... 4

*People v. Guaman*, 22 N.Y.3d 678 (2014) ............................................................................. 2

**Statutes**

N.Y. C.P.L.R. § 215(3) ............................................................................................................ 2

N.Y. Penal Law § 130.00(1) .................................................................................................... 2

N.Y. Penal Law § 130.00(2)(a) ................................................................................................ 2

## PRELIMINARY STATEMENT

Defendant Matthew Smith (**"Mr. Smith"**), pursuant to Fed. R. Civ. P. 12(b)(6), requests that the Court dismiss the Individual and Class Action Complaint (the **"Complaint"**) [ECF No. 1] filed by the Plaintiff, David Bradberry (**"Plaintiff"** or **"Mr. Bradberry"**) for failure to state a claim. The grievances pleaded by Mr. Bradberry against Mr. Smith – which concern events that allegedly occurred in 2010 – are time-barred since 2011. Nor does the application of New York's Adult Survivors Act (the **"ASA"**), N.Y. C.P.L.R. 214-j, revive Plaintiff's time-barred claims because the Complaint fails to plead any specific allegations that Mr. Smith committed a sexual offense as defined by New York penal law, which is necessary to revive the claims against him under the ASA.

## THE COMPLAINT

The Complaint is a 128-page, 591-paragraph, pleading that spares no detail, however graphic, concerning the alleged "sexual abuse" purportedly perpetrated against Mr. Bradberry. But as concerns Mr. Smith, the Complaint fails to state an actionable claim because it contains only threadbare recitals of the elements supported only by wholly conclusory allegations. In fact, there are no specific factual allegations that attribute any actionable conduct concerning the event described in 2010 to Mr. Smith

## THE CAUSES OF ACTION PLEADED AGAINST MR. SMITH

The Complaint purports to plead twenty-one (21) distinct causes of action. But only two even purport to seek relief against Mr. Smith. Count XVIII purports to state claim for "Battery/Violation of Section 130" (**"Battery"**). And Count XIX purports to state a claim for

"Intentional Infliction of Emotional Distress" (**"IIED"**) (Count XIX). But for the reasons explained below, neither claim is pleaded sufficiently to withstand dismissal.[1]

## ARGUMENT

I. **Mr. Bradberry Fails to Plead Sufficient Facts to Revive His Claims**

There can be no dispute that Mr. Bradberry's claims for Battery and IIED based on conduct that transpired in 2010 would be time-barred but for New York's enactment of the ASA. The statute of limitations for those claims is one year, rendering them time-barred since 2011.[2]

Mr. Bradberry, however, seeks to revive his claims by invoking the ASA. *See, e.g.*, Compl. ¶ 6. But for a claim to be revived pursuant to the ASA, a defendant's underlying conduct must "constitute a sexual offense as defined in article one hundred thirty of the penal law ...."[3] Essentially, that means Mr. Bradberry must plead that Mr. Smith engaged in "sexual intercourse" or "oral sexual conduct" with Mr. Bradberry, that Mr. Smith "forcibly touched" Mr. Bradberry's sexual or other intimate parts, or that Mr. Smith inserted a foreign object in the anus of Mr. Bradberry.[4] The question then is whether Mr. Bradberry has pleaded any non-conclusory facts alleging that Mr. Smith did any of these things. To be clear, he has not.

---

[1] To the extent that they are applicable here, Mr. Smith also incorporates as if fully set forth herein those arguments asserted by Defendants Michael S. Jeffries and The Jeffries Family Office, LLC in their respective motions to dismiss the Complaint.

[2] *See Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) ("the statute of limitations on claims for damages arising from assault or battery in New York is one year.") (citing N.Y. C.P.L.R. § 215(3)); *Karupaiyan v. Experis IT*, 2022 WL 4280529, at *4 (S.D.N.Y. 2022) ("Under New York law, the statute of limitations for IIED and other intentional torts is one year.") (citing N.Y. C.P.L.R. § 215(3)).

[3] *Johnson v. NYU Langone Health*, 2023 WL 6393466, at *2 (S.D.N.Y. 2023) (Rearden, J.) (citation omitted).

[4] New York Penal Law § 130.00 provides the following pertinent statutory definitions: "'[s]exual intercourse' has its ordinary meaning and occurs upon any penetration, however slight[,]" N.Y. Penal Law § 130.00(1); and "'[o]ral sexual conduct' means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina[,]" N.Y. Penal Law § 130.00(2)(a). Case law holds that a "forcible touch" is "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts." *Johnson*, 2023 WL 6393466, at *3 (quoting *People v. Guaman*, 22 N.Y.3d 678, 684 (2014)).

Indeed, out of the 591 paragraphs set forth in the Complaint, the singular paragraph that even hints at any specific conduct attributable to Mr. Smith regarding an alleged sexual offense against Plaintiff is ¶ 535. But in that paragraph, Plaintiff does not detail any specific, factual occurrences. Rather, Plaintiff does nothing more than track the elements required by New York Penal Law § 130, while inserting his own name and Mr. Smith's name wherever relevant. To wit, ¶ 535 alleges as follows:

> 535. The intentional acts of [Mr.] Smith against Plaintiff . . . constitute a sexual offense as defined in New York Penal Law § 130, including but not limited to the following:
>
> a. Sexual misconduct as defined in § 130.20 inasmuch as [Mr.] Smith engaged in sexual intercourse with Plaintiff without his consent;
>
> b. Rape in the first degree as defined in §130.35 inasmuch as [Mr.] Smith engaged in sexual intercourse with the Plaintiff by forcible compulsion;
>
> c. Criminal sexual act in the first degree as defined in §130.50 inasmuch as [Mr.] Smith engaged in oral sexual conduct with the Plaintiff by forcible compulsion;
>
> d. Forcible touching as defined in §130.52 inasmuch as [Mr.] Smith, intentionally and for no legitimate purpose, engaged the forcible sexual touching of the Plaintiff for the purpose of degrading or abusing them or for the purpose of gratifying his own sexual desire; and
>
> e. Sexual abuse in the third degree as defined in §130.66 inasmuch as [Mr.] Smith inserted a foreign object in the anus of the Plaintiff by forcible compulsion.

But under the law articulated by the United States Supreme Court and courts of this district, that is plainly insufficient. As one other court from this district has explained:

> In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and **"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption**

**of truth and are thus not sufficient to withstand a motion to dismiss**. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[5]

As concerns Mr. Smith, Plaintiff has done nothing more than plead "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements."[6] But as courts have made clear, such allegations "are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss."[7] Accordingly, Plaintiff has failed to plead a claim sufficient to withstand dismissal.[8]

## II. Mr. Bradberry's IIED Claim Is Duplicative of His Battery Claim

Plaintiff's IIED claim fails for a wholly separate reason. As an initial matter, IIED claims are highly disfavored under New York law.[9] Indeed, an IIED claim may be invoked "only as a last resort" and cannot be brought "where the challenged conduct falls well within the ambit of other traditional tort liability."[10] And claims are deemed "duplicative" under New York law when they "arise from the same facts and seek the identical damages for each alleged [tort]."[11]

---

[5] *Monroe v. Jouliana*, 2021 WL 6052162, *2 (S.D.N.Y. 2021) (cleaned up) (emphasis added); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (same).

[6] *Monroe*, 2021 WL 6052162, at *2.

[7] *Monroe*, 2021 WL 6052162, at *2.

[8] *See, e.g., Johnson,* 2023 WL 6393466, at *3 (dismissing the plaintiff's complaint for failure to plead sufficient facts to revive his claims under the ASA). Moreover, the threadbare allegations of the Complaint would not suffice to even state claim for civil battery. *See Doe v. Alsaud*, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) ("The elements of a civil 'battery' are (1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent.") (quoting *Biggs v. City of N.Y.*, 2010 WL 4628360, at *7 (S.D.N.Y. 2010)). What bodily contact that was harmful or offensive in nature did Mr. Smith make with Mr. Bradberry? The Complaint does not specify. And that is insufficient under *Iqbal* and its progeny. *See Evergreen Line A Joint Serv. Agreement FMC No. 011982 v. US Dynamics Recycling LLC*, 2018 WL 6313607, at *3 (S.D.N.Y. 2018) ("the plausibility standard of *Twombly* and *Iqbal* is designed to give a defendant fair notice of what the claim is and the grounds upon which it rests.") (cleaned up) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *See HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 104 (S.D.N.Y. 2020) ("Intentional infliction of emotional distress is a highly disfavored tort under New York law.").

[10] *Dawson v. City of Mount Vernon*, 2023 WL 7219882, at *2 (S.D.N.Y. 2023).

[11] *C.Q. v. Estate of Rockefeller*, 2021 WL 4942802, at *4 (S.D.N.Y. 2021).

Here, Plaintiff's IIED claim is based on the same conduct at issue in his Battery claim, *see* Compl. ¶ 542, and both seek the same damages. *See* Compl. ¶¶ 538, 539, 549–550. As such, Mr. Bradberry's IIED claim is wholly duplicative and falls well within the ambit of his battery claim such that it must be dismissed.[12]

## CONCLUSION

In 128 pages and 591 separate paragraphs replete with graphic details, Mr. Bradberry could do no more than simply track the language of certain criminal offenses to attempt to revive his time-barred claims against Mr. Smith. But the law is clear that such conclusory allegations are insufficient to state a claim against Mr. Smith. That mandates dismissal of both causes of action pleaded against Mr. Smith.

Wholly separately, Plaintiff's IIED claim is wholly duplicative and falls within the ambit of his Battery claim such that it must be dismissed for that reason too.

In light of the foregoing, Mr. Bradberry's claims against Mr. Smith should be dismissed.

**WHEREFORE**, Mr. Smith requests that the Court grant this Motion, dismiss all of Mr. Bradberry's claims against Mr. Smith, and award Mr. Smith any other relief that the Court deems just and proper.

---

[12] *See, e.g.*, *Goolden v. Wardak*, 2020 WL 4271695, at *6 (S.D.N.Y. 2020) (dismissing IIED claim as duplicative of battery claim based on sexual assault and finding that the assault alleged fell within the ambit of traditional tort liability in the form of the battery claim).

Dated: Miami, Florida  
       January 19, 2024

Respectfully submitted,

By: /s/  David A. Rothstein
    David A. Rothstein (*pro hac vice*)
    Alexander M. Peraza (*pro hac vice*)
    Eshaba Jahir-Sharuz (*pro hac vice*)

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
**2665 South Bayshore Drive, PH-2B**
**Miami, Florida 33133**
**(305) 374-1920**

Jonathan S. Sack
Ryan McMenamin

**MORVILLO ABRAMOWITZ GRAND**
**IASON & ANELLO P.C.**
**565 Fifth Avenue**
**New York, New York 10017**
**(212) 856-9600**

*Attorneys for Defendant Matthew Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I caused the foregoing Memorandum of Law in Support of Defendant Matthew Smith's Motion to Dismiss the Complaint to be served upon counsel of record via ECF.


/s/ David A. Rothstein
David A. Rothstein