

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Mitchell Boyarsky
PARTNER
T: 212.413.9019
**mitch.boyarsky@nelsonmullins.com**

330 Madison Avenue, 27th Floor
New York, NY 10017
T 212.413.9000 | F 646.428.2610
**nelsonmullins.com**

January 22, 2024

**VIA ECF**
Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED. The Clerk of Court is directed to terminate ECF No. 49. SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: January 26, 2024

**RE: *Bradberry v. Abercrombie & Fitch Co., et al*., No. 1:23-cv- 9440 (SDNY)**

Dear Judge Rearden:

The undersigned firm represent the Defendants, Michael Jeffries and The Jeffries Family Office, LLC (collectively, the "Movants"), in the above-captioned matter. We respectfully write to seek leave of this Court to file a Grand Jury Subpoena under seal as an exhibit to the Movants' forthcoming Motion to Stay Proceedings pursuant to 18 U.S.C. 1595(b)'s mandatory stay provision (hereinafter, the "Mandatory Stay Motion").

Pursuant to Parts 9(B)-(C) of the Court's Individual Practices, and with the consent of all the parties to this action, the Movants respectfully request that they be permitted to file two documents under seal, as exhibits to the Mandatory Stay Motion: (1) a Grand Jury Subpoena directed to one of the parties to this action; and (2) a chart showing the comparison between the Grand Jury Subpoena and the allegations of Plaintiff's Complaint.

As shown in the Grand Jury Subpoena being submitted to the Court under seal with this motion, the United States Attorney's Office for the Eastern District of New York has launched a criminal investigation of the alleged events and occurrences discussed in Plaintiff's Complaint.[1] Plaintiff and the proposed class members claim to be victims of those alleged

[1] The criminal investigation is also being reported by the BBC. *See "FBI investigate after ex-Abercrombie boss sex claims,"* Jan. 16, 2024 (available at www.bbc.com/news/world-



NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Mitchell Boyarsky
PARTNER
T: 212.413.9019
mitch.boyarsky@nelsonmullins.com

330 Madison Avenue, 27th Floor
New York, NY 10017
T 212.413.9000 | F 646.428.2610
nelsonmullins.com

January 22, 2024

**VIA ECF**
Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Application GRANTED. The Clerk of Court is directed to terminate ECF No. 49. SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: January 26, 2024

**RE: *Bradberry v. Abercrombie & Fitch Co., et al.*, No. 1:23-cv- 9440 (SDNY)**

Dear Judge Rearden:

The undersigned firm represent the Defendants, Michael Jeffries and The Jeffries Family Office, LLC (collectively, the "Movants"), in the above-captioned matter. We respectfully write to seek leave of this Court to file a Grand Jury Subpoena under seal as an exhibit to the Movants' forthcoming Motion to Stay Proceedings pursuant to 18 U.S.C. 1595(b)'s mandatory stay provision (hereinafter, the "Mandatory Stay Motion").

Pursuant to Parts 9(B)-(C) of the Court's Individual Practices, and with the consent of all the parties to this action, the Movants respectfully request that they be permitted to file two documents under seal, as exhibits to the Mandatory Stay Motion: (1) a Grand Jury Subpoena directed to one of the parties to this action; and (2) a chart showing the comparison between the Grand Jury Subpoena and the allegations of Plaintiff's Complaint.

As shown in the Grand Jury Subpoena being submitted to the Court under seal with this motion, the United States Attorney's Office for the Eastern District of New York has launched a criminal investigation of the alleged events and occurrences discussed in Plaintiff's Complaint.[1] Plaintiff and the proposed class members claim to be victims of those alleged

[1] The criminal investigation is also being reported by the BBC. *See "FBI investigate after ex-Abercrombie boss sex claims,"* Jan. 16, 2024 (available at www.bbc.com/news/world-

events and occurrences, which form the basis of the Plaintiff and proposed class members' claims brought pursuant to 18 U.S.C. § 1595(a).

18 U.S.C. § 1595(b)(1) states that "[a]ny civil action filed under subsection (a) *shall* be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." (emphasis added). A "criminal action" includes "*investigation* and *prosecution* and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2) (emphasis added). Section 1595(b) demonstrates that "although a private right of action may be complementary to government interests in combating trafficking, a civil action primarily vindicates private interests and must take a back seat to a criminal prosecution." *Doe ex rel. Roe v. Backpage.com, LLC*, 104 F. Supp. 3d 149, 160–61 (D. Mass. 2015), *aff'd*, 817 F.3d 12 (1st Cir. 2016).

As will be shown in the Movants' forthcoming Mandatory Stay Motion, this case must be stayed during the pendency of the criminal action. In support of the Mandatory Stay Motion, Movants wish to attach a copy of a Grand Jury Subpoena directed to one of the parties to this action, and a chart showing the comparison between the Grand Jury Subpoena and the allegations of Plaintiff's Complaint. In doing so, Movants demonstrate that the pending "criminal action aris[es] out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1).

Movants seek to file the Grand Jury Subpoena under seal to preserve the inherent secrecy of the grand jury proceeding. The Supreme Court has "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). "The traditional presumption in favor of public access to judicial proceedings does not extend to grand jury proceedings." *In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15-mc-71 (VEC), 2016 WL 6126392, at *3 (S.D.N.Y. Oct. 19, 2016) (citing *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d 1559, 1562 (11th Cir. 1989) (holding "grand jury proceedings are historically and presumptively secret")). This holding applies to proceedings that are bound-up with the grand jury's functioning, including grand jury subpoenas and related records. *See United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084-86 (9th Cir. 2014) (denying public access to motion to quash grand jury subpoena and noting that the Court was unaware of any contrary authority). A grand jury subpoena should remain secret, as it has the potential to "reveal a great deal about the inner workings of the grand jury, the theories it is exploring, the targets it is investigating, and the testimony it has received or wishes to receive." *In re Grand Jury Subpoenas*, 2016 WL 6126392, at *3.

---

67991750) ("FBI agents are now interviewing and issuing subpoenas to potential witnesses, the BBC understands. . . .The investigation is being led by FBI agents specialising in alleged sex crimes, and federal prosecutors from the Eastern District of New York, according to several sources.").

      Furthermore, Federal Rule of Criminal Procedure 6(e)(6) requires to be sealed "[r]ecords, orders, and subpoenas relating to grand jury proceedings . . . to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). Any right or interest that the public might have in the grand jury subpoena is supplanted by Rule 6(e)(6), and therefore the sealing of these records is warranted. *See In re Motions of Dow Jones & Co*., 142 F.3d 496, 504 (D.C. Cir. 1998) ("[E]ven if there were once a common law right of access . . . the common law has been supplanted by . . . Rule 6(e)(6)").

Accordingly, the Movants respectfully request that they be permitted to file two documents under seal, as exhibits to the forthcoming Mandatory Stay Motion: (1) the Grand Jury Subpoena directed to one of the parties to this action; and (2) a chart showing the comparison between the Grand Jury Subpoena and the allegations of Plaintiff's Complaint.

Please do not hesitate to contact the undersigned with any questions or instructions that the Court may have. We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Mitchell Boyarsky*

Mitchell Boyarsky
**NELSON MULLINS LLP**
mitch.boyarsky@nelsonmullins.com
330 Madison Ave., 27th Floor
New York, NY 10017
212.413.9019

- and -

Mark F. Raymond (*PHV admitted*)
Ryan K. Todd (*PHV admitted*)
**NELSON MULLINS LLP**
mark.raymond@nelsonmullins.com
ryan.todd@nelsonmullins.com
2 S. Biscayne Blvd., 21st Floor
Miami, FL 33131
305.373.9400