UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Bradberry individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Abercrombie & Fitch Co., Michael S. Jeffries, Matthew Smith, and The Jeffries Family Office, LLC,<br><br>    Defendants. | Case No. 23-cv-09440-JHR/OTW |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MATTHEW SMITH'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

/s/ David A. Rothstein
David A. Rothstein (*pro hac vice*)
Alexander M. Peraza (*pro hac vice*)
Eshaba Jahir-Sharuz (*pro hac vice*)

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
**2665 South Bayshore Drive, PH-2B**
**Miami, Florida 33133**
**(305) 374-1920**

Jonathan S. Sack

**MORVILLO ABRAMOWITZ GRAND**
**IASON & ANELLO P.C.**
**565 Fifth Avenue**
**New York, New York 10017**
**(212) 856-9600**

*Attorneys for Defendant Matthew Smith*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................... 1

THE AMENDED COMPLAINT .......................................................................................................... 1

THE CAUSES OF ACTION PLEADED AGAINST MR. SMITH ............................................................... 2

ARGUMENT ................................................................................................................................... 2

    I.    Mr. Bradberry Fails to Plead Sufficient Facts to Revive His Claims ................................ 2

    II.   Mr. Bradberry's IIED Claim Is Duplicative of His Battery Claim ..................................... 6

CONCLUSION ................................................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) .................................................................................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................. 6

*Biggs v. City of N.Y.*, 2010 WL 4628360, at *7 (S.D.N.Y. 2010) .................................................. 6

*C.Q. v. Estate of Rockefeller*, 2021 WL 4942802, at *4 (S.D.N.Y. 2021) ..................................... 7

*Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) ...................................................... 2

*Dawson v. City of Mount Vernon*, 2023 WL 7219882, at *2 (S.D.N.Y. 2023) .............................. 6

*Doe v. Alsaud*, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) ........................................................... 6

*Evergreen Line A Joint Serv. Agreement FMC No. 011982 v. US Dynamics Recycling LLC*, 2018 WL 6313607, at *3 (S.D.N.Y. 2018) ............................................................................. 6

*Goolden v. Wardak*, 2020 WL 4271695, at *6 (S.D.N.Y. 2020) .................................................... 7

*Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) ................................................................ 5

*HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 104 (S.D.N.Y. 2020) .................................................. 6

*Johnson v. NYU Langone Health*, 2023 WL 6393466, *3 (S.D.N.Y. 2023) .............................. 2, 3

*Karupaiyan v. Experis IT*, 2022 WL 4280529, at *4 (S.D.N.Y. 2022) .......................................... 2

*Levin v. Sarah Lawrence Coll.*, 2024 WL 4026966, at *11–12 (S.D.N.Y. Sept. 3, 2024) ......... 4, 6

*Monroe v. Jouliana*, 2021 WL 6052162, *2 (S.D.N.Y. 2021) ....................................................... 5

*Moore v. City of New York*, 2024 WL 3361193, at *9 (S.D.N.Y. 2024) ........................................ 7

*People v. Guaman*, 22 N.Y.3d 678, 684 (2014) ............................................................................ 3

*S. H. v Diocese of Brooklyn*, 205 AD3d 180, 182 (2d Dept 2022) ................................................ 3

**Statutes**

N.Y. C.P.L.R. § 215(3) ................................................................................................................ 2

N.Y. C.P.L.R. 214-j ................................................................................................................ 1, 7

N.Y. Penal Law § 130.00(1) ...................................................................................................... 3

N.Y. Penal Law § 130.00(2)(a) .................................................................................................. 3

## PRELIMINARY STATEMENT

Defendant Matthew Smith (**"Mr. Smith"**), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the First Amended Complaint (**"Amended Complaint"** or **"FAC"**) [ECF No. 82] filed by the Plaintiff, David Bradberry (**"Plaintiff"** or **"Mr. Bradberry"**). The claims pleaded against Mr. Smith, which concern events that allegedly occurred in 2010, are time-barred – since 2011. And the application of New York's Adult Survivors Act (the **"ASA"**), N.Y. C.P.L.R. 214-j, does not revive Mr. Bradberry's claims because the FAC fails to plead ultimate facts alleging that Mr. Smith committed a sexual offense as defined by New York Penal Law, which is necessary to revive the claims under the ASA. Rather, Plaintiff does no more than assert threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. But that is not enough.

Mr. Smith moved to dismiss (**"Motion to Dismiss"**) Mr. Bradberry's original claims against him for the same reason [ECF No. 43]. Rather than respond thereto, Mr. Bradberry sought leave to amend [ECF No. 75], which the Court granted [ECF No. 76]. But the Court warned Mr. Bradberry that he would "not be given any further opportunity to amend the complaint to address issues raised by the pending motions to dismiss." *Id.* at 2. Here, Mr. Bradberry has failed to cure those defects identified in Mr. Smith's original Motion to Dismiss. As such, Mr. Bradberry's claims should now be dismissed – *with prejudice*.

## THE AMENDED COMPLAINT

The FAC is a 140-page, 627-paragraph, pleading that spares no detail, however graphic, concerning the alleged "sexual abuse" purportedly perpetrated against Mr. Bradberry.

1

But as concerns Mr. Smith, the FAC fails to state an actionable claim because it contains only threadbare recitals of the elements of the causes of action, supported by mere conclusory statements – which is not enough.

### THE CAUSES OF ACTION PLEADED AGAINST MR. SMITH

The FAC pleads nineteen distinct causes of action. But only two even purport to seek relief against Mr. Smith. Count XVI purports to state claim for "Battery/Violation of Section 130" ("**Battery**"). And Count XVII purports to state a claim for "Intentional Infliction of Emotional Distress" ("**IIED**").[1] But as explained below, neither claim should withstand dismissal.[2]

### ARGUMENT

### I. Mr. Bradberry Fails to Plead Sufficient Facts to Revive His Claims

Mr. Bradberry's claims for Battery and IIED are based on conduct that transpired in 2010. So, in the ordinary course, there is no denying that those claims would be time barred. Indeed, the statute of limitations for those claims is one year.[3]

Mr. Bradberry, however, attempts to revive his claims by invoking the ASA.[4] But for a claim to be revived pursuant to the ASA, the pleading requirements are specific, particular, and exacting. As this Court has noted, a defendant's underlying conduct must "constitute a sexual offense as defined in article one hundred thirty of the penal law . . . ."[5]

---

[1] Both claims purport to be based on NY law. *See* FAC ¶¶ 15, 573 577.

[2] To the extent applicable, Mr. Smith incorporates those arguments asserted by Michael S. Jeffries and The Jeffries Family Office, LLC in their respective motions to dismiss the First Amended Complaint.

[3] *See Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) ("the statute of limitations on claims for damages arising from assault or battery in New York is one year.") (citing N.Y. C.P.L.R. § 215(3)); *Karupaiyan v. Experis IT*, 2022 WL 4280529, at *4 (S.D.N.Y. 2022) ("Under New York law, the statute of limitations for IIED and other intentional torts is one year.") (citing N.Y. C.P.L.R. § 215(3)).

[4] *See, e.g.*, FAC ¶¶ 19, 174–176, 310.

[5] *Johnson v. NYU Langone Health*, 2023 WL 6393466, at *2 (S.D.N.Y. 2023) (Rearden, J.) (citation omitted).

Essentially, that means Mr. Bradberry must plead that Mr. Smith engaged in "sexual intercourse" or "oral sexual conduct" with Mr. Bradberry, that Mr. Smith "forcibly touched" Mr. Bradberry's sexual or other intimate parts, or that Mr. Smith inserted a foreign object in the anus of Mr. Bradberry.[6] The question then is whether Mr. Bradberry has pleaded any non-conclusory facts alleging that Mr. Smith did any of these things. To be clear, he has not.

Mr. Bradberry alleges that sexual offenses were committed against him in New York (FAC ¶¶ 217, 219, 227, 245), Washington D.C. (FAC ¶ 214), London (FAC ¶¶ 214, 248), and France (FAC ¶ 242). But for Mr. Bradberry, who is a Pennsylvania resident (FAC ¶ 20), the ASA does not apply to acts alleged to have been committed outside of New York.[7] Therefore, only those allegations concerning acts committed in New York are germane to the Court's analysis.[8]

And as concerns the acts committed in New York, the allegations concerning Mr. Smith are particularly limited. Indeed, they are limited to his undressing and his having made Mr. Jeffries wear a condom. Specifically, the pertinent paragraphs of the FAC state as follows:

> 234. Jeffries and Smith took David Bradberry into a room where two other men were naked and having sex. **Jeffries and Smith both began to slowly undress**. Jeffries then came up behind Bradberry, placed his hand on his shoulder, and asked him if he thought that the sex they were watching was hot.

---

[6] New York Penal Law § 130.00 provides the following pertinent statutory definitions: "'[s]exual intercourse' has its ordinary meaning and occurs upon any penetration, however slight[,]" N.Y. Penal Law § 130.00(1); and "'[o]ral sexual conduct' means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina[,]" N.Y. Penal Law § 130.00(2)(a). Case law holds that a "forcible touch" is "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts." *Johnson*, 2023 WL 6393466, at *3 (quoting *People v. Guaman*, 22 N.Y.3d 678, 684 (2014)).

[7] *See S. H. v Diocese of Brooklyn*, 205 AD3d 180, 182 (2d Dept 2022) (holding that the Child Victims Act, a revival statute that is analogous to the ASA, "is not available to nonresident plaintiffs where the alleged acts of abuse occurred outside New York . . . .").

[8] Even if the ASA applied to acts committed against Mr. Bradberry outside of New York, those allegations fail to state a claim against Mr. Smith because they are wholly conclusory.

3

235. Jeffries then asked David Bradberry if he liked poppers. Bradberry had never heard of poppers before. Jeffries immediately told Bradberry that he would like poppers while he held David Bradberry's head and put the popper bottle under his nose until Bradberry felt light-headed and confused.

***

238. Jeffries then asked David Bradberry if he wanted to have sex. Bradberry declined. When Jeffries attempted to engage in anal sex with Bradberry, **Smith made Jeffries put on a condom**, at which point, Jeffries anally raped Bradberry as Jeffries held his hand on the back of Bradberry's neck to keep him still. While he was being anally raped, David Bradberry said, "ow, stop," and "no." Jeffries did not stop.

239. Jeffries then physically pushed and maneuvered David Bradberry with his hands, forcing Bradberry to engage in sexual conduct with other men for Jeffries's sexual gratification.

240. David Bradberry was paid $2,500 after being sexually abused by Jeffries, Smith, and others at Jeffries's direction.[9]

Clearly, those allegations do not establish that Mr. Smith engaged in "sexual intercourse" or "oral sexual conduct" with Mr. Bradberry, that Mr. Smith "forcibly touched" Mr. Bradberry's sexual or other intimate parts, or that Mr. Smith inserted a foreign object in the anus of Mr. Bradberry. As such, Mr. Bradberry's otherwise time-barred claims against Mr. Smith may not be revived by the ASA. That is established law.[10]

The balance of the FAC contains nothing but threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. For example, FAC ¶ 570 alleges as follows:

570. The intentional acts of Smith against Plaintiff . . . constitute a sexual offense as defined in New York Penal Law § 130, including but not limited to the following:

---

[9] FAC ¶¶ 234, 235, 238–40 (emphasis added).
[10] *See, e.g.*, *Levin v. Sarah Lawrence Coll.*, 2024 WL 4026966, at *11–12 (S.D.N.Y. Sept. 3, 2024) ("Because Plaintiffs do not plead a predicate sexual offense and the ASA therefore does not revive Plaintiffs' state-law claims against [the defendant], those claims are dismissed."); *Johnson*, 2023 WL 6393466, at *3 ("Because Plaintiff has not alleged that Golden's conduct constituted a 'sexual offense' under Article 130 of the Penal Law, Plaintiff's civil assault and battery claims were not revived by the ASA. And because the statute of limitations applicable to those claims has expired, as Plaintiff has conceded, both must dismissed.") (citation omitted).

      a. Sexual misconduct as defined in § 130.20 inasmuch as Smith engaged in sexual intercourse with Plaintiff without his consent;

      b. Rape in the first degree as defined in §130.35 inasmuch as Smith engaged in sexual intercourse with the Plaintiff by forcible compulsion;

      c. Criminal sexual act in the first degree as defined in §130.50 inasmuch as Smith engaged in oral sexual conduct with the Plaintiff by forcible compulsion;

      d. Forcible touching as defined in §130.52 inasmuch as Smith, intentionally and for no legitimate purpose, engaged the forcible sexual touching of the Plaintiff for the purpose of degrading or abusing them or for the purpose of gratifying his own sexual desire; and

      e. Sexual abuse in the third degree as defined in §130.66 inasmuch as Smith inserted a foreign object in the anus of the Plaintiff by forcible compulsion.

But under well-established law, that is plainly insufficient. As one court from this district has explained:

> In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and **"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss**. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[11]

As concerns Mr. Smith, Plaintiff has done nothing more than plead "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements."[12]

Such allegations, however, "are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss."[13]

---

[11] *Monroe v. Jouliana*, 2021 WL 6052162, *2 (S.D.N.Y. 2021) (cleaned up) (emphasis added); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (same).
[12] *Monroe*, 2021 WL 6052162, at *2.
[13] *Monroe*, 2021 WL 6052162, at *2.

5

Indeed, in a similar case recently decided in this district, *Sarah Lawrence Coll.*, that court held that dismissal was appropriate because, as is the case here, "Plaintiffs' allegations that they were subjected to sexual assault and forced to perform sex acts . . . are insufficient to make out any violation of Article 130 because they are mere conclusory statements unsupported by factual allegations."[14] The Amended Complaint suffers from the same pleading defects and, therefore, there is no reason why the outcome here should be any different.

In conclusion on this point, Mr. Bradberry's claims against Mr. Smith are barred by the statute of limitations and cannot be revived by invoking the ASA. Mr. Bradberry has now twice failed to plead a claim sufficient to withstand dismissal. As such, Mr. Bradberry's claims against Mr. Smith should be dismissed *with prejudice*.

## II.    Mr. Bradberry's IIED Claim Is Duplicative of His Battery Claim

Plaintiff's IIED claim fails for a wholly separate reason. As an initial matter, IIED claims are highly disfavored under New York law.[15] Indeed, an IIED claim may be invoked "only as a last resort" and cannot be brought "where the challenged conduct falls well within the ambit of other traditional tort liability."[16]

---

[14] *Sarah Lawrence Coll.*, 2024 WL 4026966, at *13. Moreover, the threadbare allegations of the FAC would not suffice to even state claim for civil battery. *See Doe v. Alsaud*, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) ("The elements of a civil 'battery' are (1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent.") (quoting *Biggs v. City of N.Y.*, 2010 WL 4628360, at *7 (S.D.N.Y. 2010)). What bodily contact that was harmful or offensive in nature did Mr. Smith make with Mr. Bradberry? The FAC does not specify. And that is insufficient under *Iqbal* and its progeny. *See Evergreen Line A Joint Serv. Agreement FMC No. 011982 v. US Dynamics Recycling LLC*, 2018 WL 6313607, at *3 (S.D.N.Y. 2018) ("the plausibility standard of *Twombly* and *Iqbal* is designed to give a defendant fair notice of what the claim is and the grounds upon which it rests.") (cleaned up) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[15] *See HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 104 (S.D.N.Y. 2020) ("Intentional infliction of emotional distress is a highly disfavored tort under New York law.").

[16] *Dawson v. City of Mount Vernon*, 2023 WL 7219882, at *2 (S.D.N.Y. 2023).

And claims are deemed "duplicative" under New York law when they "arise from the same facts and seek the identical damages for each alleged [tort]."[17]

Here, Plaintiff's IIED claim is based on the same conduct at issue in his Battery claim (*see* FAC ¶¶ 573, 577) and both seek the same damages (*see* FAC ¶¶ 573, 574, 585, 586). As such, Mr. Bradberry's IIED claim is wholly duplicative and falls well within the ambit of his Battery claim such that it must be dismissed.[18] And because this is now the second time that Mr. Bradberry has failed to redress this concern, his IIED claim should now be dismissed *with prejudice*.[19]

## CONCLUSION

Between the combined 268 pages and 1,218 paragraphs that make up Mr. Bradberry's initial Complaint and Amended Complaint, he could do no more than just track the language of certain criminal offenses in a flailing attempt to revive his otherwise time-barred claims against Mr. Smith. But the law is clear that such conclusory allegations are insufficient to state a claim against Mr. Smith. That mandates dismissal of both causes of action pleaded against Mr. Smith.

Separately, Plaintiff's IIED claim is wholly duplicative and falls within the ambit of his Battery claim such that it must be dismissed for that reason too.

After being granted leave to amend, Mr. Bradberry failed to rectify any of the defects identified in Mr. Smith's Motion to Dismiss and, therefore, his claims should now be dismissed *with prejudice*.

---

[17] *C.Q. v. Estate of Rockefeller*, 2021 WL 4942802, at *4 (S.D.N.Y. 2021).
[18] *See, e.g.*, *Goolden v. Wardak*, 2020 WL 4271695, at *6 (S.D.N.Y. 2020) (dismissing IIED claim as duplicative of battery claim based on sexual assault and finding that the assault alleged fell within the ambit of traditional tort liability in the form of the battery claim); *Moore v. City of New York*, 2024 WL 3361193, at *9 (S.D.N.Y. 2024) ("The intentional infliction of emotional distress . . . and negligent infliction of emotional distress claims are dismissed as duplicative because the underlying conduct is actionable as assault and battery.").
[19] *See* Motion to Dismiss at 6–7.

**WHEREFORE**, Mr. Smith requests that the Court grant this Motion, dismiss all of Mr. Bradberry's claims against Mr. Smith *with prejudice*, and award Mr. Smith any other relief that the Court deems just and proper.

Dated: October 4, 2024  
      Miami, Florida

Respectfully submitted,

By: /s/   David A. Rothstein  
David A. Rothstein (*pro hac vice*)  
Alexander M. Peraza (*pro hac vice*)  
Eshaba Jahir-Sharuz (*pro hac vice*)

**DIMOND KAPLAN & ROTHSTEIN, P.A.**  
**2665 South Bayshore Drive, PH-2B**  
**Miami, Florida 33133**  
**(305) 374-1920**

Jonathan S. Sack

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**  
**565 Fifth Avenue**  
**New York, New York 10017**  
**(212) 856-9600**

*Attorneys for Defendant Matthew Smith*

8