

Ryan K. Todd
PARTNER
T: 305.373.9400
ryan.todd@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

2 S. Biscayne Blvd., 21st Floor
Miami, FL 33139
T 305.373.9400 | F 305.373.9443
nelsonmullins.com

October 24, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *Bradberry v. Abercrombie & Fitch Co., et al.*, **No. 1:23-cv-9440 (SDNY)**

Dear Hon. Judges Rearden and Wang:

The undersigned firms represent Defendants, Michael S. Jeffries and Matthew C. Smith, (collectively, the "Moving Defendants"), in the above-captioned matter. The Moving Defendants hereby renew their motion to stay this action pursuant to 18 U.S.C. § 1595(b), pending resolution of the now-unsealed criminal indictment against them in the United States District Court for the Eastern District of New York. *See United States v. Jeffries*, No. 2:24-cr-00423-NJC (E.D.N.Y. Oct. 17, 2024). In the interim, we respectfully request that the Court adjourn the deadline for reply briefs relating to the pending motions to dismiss and to stay discovery, which are presently due tomorrow. *See* Letter Motion [DE 109].

As this Court recognized in its prior order denying Moving Defendants' initial motion to stay,[1] a stay is mandatory under § 1595(b) where (1) a criminal action is pending, (2) the criminal action arises out of the same occurrence as the civil action, and (3) the claimant in the civil action is a victim in the criminal action. *See Does 1-9 v. Murphy*, No. 7:20-cv-947 (DCC), 2023 WL 2423113, at *2 (D.S.C. Mar. 9, 2023); *see also Sharma v. Balwinder,* No. 21-cv-480 (BLF), 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) (noting the plain language of section 1595(b)(1) requires a stay of any civil action to which it is applicable).

---

[1] *See* August 23, 2024 Hearing Transcript [DE 77, 78], hereinafter "Hr. Tr."

Hon. Jennifer H. Rearden
Hon. Ona T. Wang

October 24, 2024
Page 2

First, a criminal action is now undeniably pending against Moving Defendants. On October 17, 2024, a grand jury indicted Mr. Jeffries, Mr. Smith, and a third individual on charges of sex trafficking and interstate prostitution. *See Jeffries*, No. 2:24-cr-00423-NJC [DE 1] (hereinafter, the "Indictment"). The Indictment alleges that Moving Defendants, along with others, "operated an international sex trafficking and prostitution business" between 2008 and 2015. Indictment ¶ 4.

Second, the criminal action arises out of the same occurrence as alleged in this civil action. The Indictment alleges that Moving Defendants used their financial resources and Mr. Jeffries' position as CEO of Abercrombie & Fitch to recruit and pay men to engage in commercial sex acts. *Id.* These allegations mirror the claims in Plaintiff's Amended Complaint [DE 82], which similarly claim that Defendants operated a sex trafficking scheme in which men "were promised the opportunity to model for Abercrombie so long as they engaged in commercial sex acts with Jeffries, Smith, and . . . associates." Am. Compl. ¶ 141. The overlap between the Indictment and the Amended Complaint is undeniable, satisfying the "same occurrence" requirement.

Third, the claimant in this civil action is a victim in the criminal action. Upon information and belief, Plaintiff David Bradberry is one of the John Does referenced in the Indictment. Moreover, Count One of the Indictment—the Count for "Sex Trafficking," which cites 18 U.S.C. §§ 1591(a)(1)-(2) and 1591(b)(1)-(2))—does not mention, or relate only to, the 15 John Does. *See* Indictment ¶¶ 12, 13. Instead, the victims of the alleged "international sex trafficking" are the "dozens of men, including, among others, John Does #1 through #15," who "travel[ed] within the United States and internationally to meet JEFFRIES and SMITH in various locations, including at the New York Properties, as well as in hotels in such places as England, France, Italy, Morrocco and Saint Barthelemy, for the purpose of engaging in commercial sex acts[.]" Indictment ¶ 5. Plaintiff Bradberry's allegations in the Amended Complaint place him squarely within the "dozens of men, including, among others, John Does #1 through #15," who are the claimed victims of the Sex Trafficking indictment. *Id.*

In denying without prejudice the Defendants' original motion to stay pursuant to § 1595(b) [DE 53], the Court expressed concern that the subpoena issued to The Jeffries Family Office did not explicitly define the nature of the investigation, making it difficult to assess whether the investigation's focus was on the scheme involving Plaintiff. *See, e.g.*, Hr. Tr. 9:10-16. The Indictment eliminates any such ambiguity and confirms that the criminal investigation directly relates to the conduct alleged by Plaintiff in this civil action. The Indictment's allegations regarding the use of coercive tactics, including misrepresentations about modeling opportunities and pressuring men to consume alcohol and drugs, directly correspond to Plaintiff's claims in the Amended Complaint. *Compare* Indictment ¶¶ 9-11; *with* Am. Compl. ¶¶ 62-66.

The Indictment removes any doubt that the criteria for a mandatory stay of this action under § 1595(b) are met. A criminal action is pending, arising from the same occurrence as the civil action, and the Plaintiff is a victim in that criminal action. Therefore, Moving Defendants

Hon. Jennifer H. Rearden
Hon. Ona T. Wang

October 24, 2024
Page 3

respectfully request that this Court order the mandatory stay of this action pending resolution of the criminal proceedings in the Eastern District of New York.

Prior to their knowledge of the Indictment, the Defendants jointly moved for a brief extension of time to file their reply briefs in support of Defendants' Motions to Dismiss and Motion to Stay Discovery. *See* Letter Motion [DE 109]. Therein, the Defendants requested, without opposition from Plaintiff, that the deadlines to reply be extended from October 25 to October 30, 2024. Given the mandatory stay, the Defendants would respectfully request that the deadlines for them to reply in support of these motions be extended until after the Court rules on the § 1595(b) stay issue.

We are pleased to answer any questions the Court may have and thank the Court for its attention to this matter.

Respectfully submitted,

**NELSON MULLINS
RILEY & SCARBOROUGH LLP**
*Counsel for Defendant, Michael S. Jeffries*

By: */s/ Ryan K. Todd*
Mark Raymond (admitted PHV)
Ryan K. Todd (admitted PHV)
One Biscayne Tower, 21st Floor
Miami, FL 33131
Telephone: 305.373.9400
mark.raymond@nelsonmullins.com
ryan.todd@nelsonmullins.com

Mitchell Boyarsky
330 Madison Avenue, 27th Floor
New York Bar No. 2667780
New York, NY 10017
Telephone: 212-413-9000
mitch.boyarsky@nelsonmullins.com

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
*Counsel for Defendant, Matthew C. Smith*

By: */s/ Alexander M. Peraza*
David A. Rothstein (admitted PHV)
Alexander M. Peraza (admitted PHV)
Eshaba Jahir-Sharuz (admitted PHV)
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
(305) 374-1920

- and -

Jonathan S. Sack
Ryan McMenamin
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600