UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DAVID BRADBERRY,

                         Plaintiff,                  23-cv-9440 (JHR) (OTW)

      -against-                           **ORDER**

ABERCROMBIE & FITCH CO., MICHAEL S.
JEFFRIES, MATTHEW SMITH, AND THE JEFFRIES
FAMILY OFFICE, LLC,

                         Defendants.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF 110, wherein Defendants Abercrombie & Fitch Co., Michael S. Jeffries ("Jeffries"), Matthew Smith ("Smith"), and The Jeffries Family Office, LLC (the "Jeffries Family Office") (collectively, the "Defendants") now move to: (1) again stay this action pursuant to 18 U.S.C. § 1595(b); and (2) adjourn the current deadlines to submit their reply briefs in support of their pending motions to dismiss and to stay discovery. (ECF 110).

**I.    Procedural History**

Defendants previously filed a motion to stay under the Trafficking Victims Protection Reauthorization Act ("TPVRA"), (ECF 53, 54), which Judge Rearden denied without prejudice to renewal on August 23, 2024. (ECF 77). At the time, Defendants indicated that at least one investigative subpoena had been served on the Jeffries Family Office, and that the subpoena "mirror[ed] the Plaintiff's allegations that Defendants … engaged in sex-trafficking with the support and financial backing of Defendant Abercrombie and Fitch Co." (ECF 54 at 10). No Defendants had yet been criminally charged, nor did any other Defendant report having

received an investigative subpoena or being told that they were a subject or target of the investigation. Judge Rearden denied the stay because, at that time, it was not readily apparent that (1) the civil and criminal case arose out of the same occurrence and (2) that the Plaintiff in this case is a victim in the criminal action. (ECF 77, at 9).

After the denial of that motion, Judge Rearden entered a briefing schedule for the Defendants' proposed motions to dismiss. (ECF 84). Shortly thereafter, I held an initial pretrial conference on September 25, 2024, (ECF 81, 85), at which Defendants indicated that the facts supporting their prior motion to stay the case had not materially changed, and so I was disinclined to revisit Judge Rearden's ruling denying a stay of the entire case. I did, however, enter a briefing schedule for Defendants' motion to stay or stage discovery. (ECF 86). As previously directed by Judge Rearden, on October 4, 2024, Defendants filed their motions to dismiss the amended complaint. (ECF 88, 90, 92, 94). Also, as I directed, on October 4, 2024, the Defendants filed a joint motion to stay discovery pursuant to Fed. R. Civ. P. 26(c). (ECF 96, 97).

On October 17, 2024, Defendants Jeffries and Smith were indicted in the Eastern District of New York on one count of sex trafficking and fifteen counts of interstate prostitution. *United States v. Jeffries*, 24-CR-423 (NJC) (E.D.N.Y. 2024), at ECF 1, ¶¶ 6-7 (hereafter, the "Indictment"). Defendants filed their renewed motion to stay this case on October 24, 2024. (ECF 110).

**II.     The Trafficking Victims Protection Reauthorization Act.**

The Trafficking Victims Protection Reauthorization Act ("TVPRA") provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The TVPRA also provides that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). A "criminal action" includes investigation and <u>prosecution</u>, which are considered "pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2) (<u>emphasis</u> added).

Under the TVPRA, a civil case must be stayed if (1) a criminal action is pending, (2) the action arises out of the same occurrence as the civil action, and (3) the plaintiff in the civil action is also a victim in the criminal action. *See Lunkes v. Yannai*, 882 F. Supp. 2d 545, 548 (S.D.N.Y. 2012); *Does 1-9 v. Murphy*, 20-CV-947 (DCC) 2023 WL 2423113, at *2 (D.S.C. Mar. 9, 2023); *Sharma v. Balwinder*, 23-CV-490 (BLF), 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021). A stay under 18 U.S.C. § 1595 applies to all defendants and all claims in a case, even if the civil case contains defendants and/or claims that are not at issue in the concurrent criminal action. *Lunkes*, 882 F. Supp. at 550.

3

### III.  Defendants' Renewed Motion to Stay Pursuant to 18 U.S.C. § 1595(b)

On October 24, 2024, one week after Jeffries and Smith were indicted, Defendants filed a renewed motion to stay under the TVPRA's mandatory stay provision. (ECF 110). As set forth below, Defendants have now shown that a mandatory stay of this case is required under the TVPRA.

First, there is a criminal action pending against at least two of the Defendants in this case. On October 17, 2024, a Grand Jury in the Eastern District of New York indicted defendants Jeffries and Smith on charges of sex trafficking and interstate prostitution, alleging that Jeffries and Smith "operated an international sex trafficking and prostitution business." Indictment, ¶ 4.

Second, Defendants have adequately alleged that the criminal action arises out of the same occurrence as this putative class action. Here, Bradberry alleges that between 1992 and 2014, "Jeffries used Abercrombie money, travel benefits, and cash to facilitate and effectuate the sex trafficking venture against this Class." (ECF 1, ¶¶ 111, 114) (hereafter, the "Civil Complaint"). The sex-trafficking scheme would recruit young men, require them to engage in commercial sex acts for an opportunity to meet with Jeffries, and then arrange for the young men to travel to one of Jeffries's residences where they were again forced to endure sexual assault by Jeffries with the assistance of Smith. *Id.* at ¶¶ 115-117; 459-466. While more limited in its temporal scope, the Indictment alleges nearly identical claims, with a six-year temporal overlap of 2008 to 2014:

> From approximately 2008 to 2015, the Defendants MICHAEL S. JEFFRIES [and] MATTHEW C. SMITH, … together with others, operated an international sex trafficking and prostitution business. During this period, JEFFRIES and SMITH relied on their vast financial resources, JEFFRIES' power as the CEO of Abercrombie, and numerous people … to run a business that was dedicated to

4

> fulfilling their sexual desires and ensuring that their international sex trafficking and prostitution business were kept secret… As part of this international sex trafficking and prostitution business, the defendants [JEFFRIES] and [SMITH] paid for dozens of men … to travel within the United States and internationally to meet JEFFRIES and SMITH in various locations … for the purpose of engaging in commercial sex acts with JEFFRIES, SMITH, and others.

Indictment, ¶¶ 4-5. The Indictment charges Jeffries and Smith with, among other things, sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), and (b)(2).

Finally, Defendants' acts against Bradberry, as pleaded in the Civil Complaint filed in 2023, closely parallel the criminal acts alleged in the Indictment filed barely over a week ago.[1] In the Civil Complaint, Bradberry alleges that in 2010, he was contacted for a meeting to advance his modeling career and was told that, if the meeting went well, he would be introduced to the Jeffries. Civil Complaint, ¶¶ 131-34. Bradberry went to the initial meeting, was forced to engage in commercial sex acts, and was later trafficked to Washington D.C. and London where he was then forced to engage in commercial sex acts with Jeffries and others. *Id.* at ¶¶ 135-43. These alleged facts match allegations in the Indictment, which alleges that Jeffries's and Smith's sex-trafficking activities took place between 2008 and 2015, where they paid "dozens of men, including, among others, John Does #1 through #15 … to meet JEFFRIES and SMITH in various locations … for the purposes of engaging in commercial sex acts…" Indictment, ¶¶ 4-5. At least three of the fifteen individual John Does referenced in the indictment are alleged to have been sexually abused by Jeffries and Smith during and around

---

[1] The Court also notes that Plaintiff's opposition to Defendants' original motion to stay pursuant to § 1595(b) did not argue that Plaintiff was not a victim in the then-alleged criminal investigation; Plaintiff only argued that (1) the U.S. Attorney's Office had not "sought to intervene and request a stay," (2) Defendant's attempt to stay the case was a delaying tactic, and (3) the status of the criminal investigation was uncertain. (ECF 60 at 5-7).

2010. *Id.*, ¶ 15. Even if Bradberry is not one of the 15 specific John Does presented to the Grand Jury, the Indictment's list is not exhaustive of the potential victims: "dozens of men, <u>including, among others</u>, John Does #1 through #15…" *Id.*, ¶¶ 4-5.

Accordingly, Defendants' motion to stay is **GRANTED**. Plaintiff and the Department of Justice may file a response or opposition to Defendants' motion to stay, if any, by **November 8, 2024.** Defendants' reply, if any, is due **November 15, 2024.** The parties are further directed to inform the Department of Justice of this Order. If neither Plaintiff nor the United States files any objection to this stay by November 8, 2024, the Court may assume that Plaintiff and/or the United States do not object to this case being stayed under the TVPRA.

### IV. Defendants' Motion to Adjourn Reply Brief Deadlines

On October 25, 2024, this Court granted Defendants' motion for an extension of time to file their replies in support of their motions to dismiss and motion to stay discovery. (ECF 111). In light of the stay of the entire case, Defendants' motion to adjourn the reply brief deadlines is **DENIED as moot**.

The parties are directed to file, on the last Friday of each quarter beginning on December 20, 2024, a joint status letter informing the Court of any public updates in the criminal case and whether the stay should continue.

**SO ORDERED.**

Dated: October 28, 2024
       New York, New York

                               *s/ Ona T. Wang*
                                **Ona T. Wang**
                                United States Magistrate Judge