**MEMO ENDORSED.**



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Ryan K. Todd
PARTNER
T: 305.373.9400
ryan.todd@nelsonmullins.com

2 S. Biscayne Blvd., 21st Floor
Miami, FL 33139
T 305.373.9400 | F 305.373.9443
nelsonmullins.com

November 4, 2024

**VIA ECF**
Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *Bradberry v. Abercrombie & Fitch Co., et al.*, **No. 1:23-cv-9440 (SDNY)**

Dear Hon. Judge Wang:

    The undersigned firms represent Defendant, The Jeffries Family Office ("TJFO"), in the above-captioned matter. Pursuant to Sections II(b) and III(b) of this Court's Individual Procedures, the undersigned submit this letter in response to the Plaintiff's October 30, 2024 letter motion [DE 113] (the "Letter Motion").

    Plaintiff styled the Letter Motion as a "Notice of Compliance," but it seeks relief from this Court in the form of an order compelling document production from TJFO. *See* Letter Motion, p. 1 ("Plaintiff respectfully requests that an Order be entered requiring the Jeffries Family Office, . . . to produce the subject Non-Disclosure Agreements."). Plaintiff's motion is wholly improper, and it would be error for the Court to grant the relief Plaintiff requests.

**BACKGROUND**

    On October 22, 2024, the United States District Court for the Eastern District of New York unsealed an indictment against the Defendants, Michael S. Jeffries and Matthew C. Smith (the "Individual Defendants"). On October 24, 2024, the Individual Defendants renewed their motion to stay pursuant to 18 U.S.C. § 1595(b). *See* [DE 110]. The indictment of the Individual Defendants removed any doubt that that the criteria for a mandatory stay of this action under

Hon. Ona T. Wang
November 4, 2024
Page 2

§ 1595(b) was now met, and this Court stayed this action by its written October 29, 2024 order [DE 112] ("Stay Order").

Without attempting to confer with counsel,[1] Plaintiff filed the Letter Motion and requested an order compelling TJFO to produce documents *after* the Court already stayed this action. In the Letter Motion, Plaintiff concedes that "there is no legal basis for Plaintiff to oppose the stay at this time," but then requests an order compelling document production from TJFO. Letter Motion, p. 1. The Court should deny Plaintiff's improper request for a discovery order considering the stay of the entire case.

## ARGUMENT

Plaintiff misapprehends the nature of the Stay Order. Plaintiff asks that the Court compel TJFO to produce documents "[p]rior to the Court entering a Stay in this matter[.]" But, the Court *already* stayed the action. *See* Stay Order, p. 6 ("Defendants' motion to stay is GRANTED. . . . In light of the stay of the entire case, . . ."). Even though Plaintiff concedes that the stay is proper, Plaintiff now asks the Court to temporarily lift the stay for the limited purpose of entering an order compelling TJFO to produce documents. Such an order would be improper and constitute legal error.

As the Court noted, "[a] stay under 18 U.S.C. § 1595 applies to all defendants and all claims in a case, even if the civil case contains defendants and/or claims that are not at issue in the concurrent criminal action." Stay Order, p. 3 (citing *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012)). Accordingly, Plaintiff's reference that TJFO "is not a Defendant in the underlying criminal action," is immaterial to the matter of the stay. Letter Motion, p. 1.

Because the Stay Order and Plaintiff's Letter Motion remove any doubt that the criminal action arises out of the same occurrence in which the Plaintiff is the victim, the only procedure to lift the mandatory stay is by motion *after* the resolution of the criminal action. *See, e.g., Doe v. Medeiros*, No. 20-cv-24357, 2021 WL 7186837, at *2 (S.D. Fla. Apr. 23, 2021) ("The parties shall file a motion to lift the stay and reopen this case within fifteen (15) days of the resolution of the criminal proceeding."); *Plaintiff A v. Schair*, No. 2:11-cv-145, 2012 WL 12864367, at *4 (N.D. Ga. Nov. 28, 2012) ("As the federal criminal investigation is no longer pending, the court GRANTS plaintiffs' motion to lift the stay.").

Because the criminal action is undeniably "pending" and there has been no "final adjudication in the trial court," lifting the stay would be clear legal error contrary to the

---

[1] To the extent the Letter Motion is a request for this Court to resolve a discovery dispute, Plaintiff was required to confer with counsel prior to filing—which conferral was not attempted. *See* Individual Procedures § II(b). Apart from discovery disputes, a "pre-motion conference is required for all other motions." *Id.* § III(b).

California | Colorado | District of Columbia | Florida | Georgia | Illinois | Maryland | Massachusetts | Minnesota
New York | North Carolina | Ohio | Pennsylvania | South Carolina | Tennessee | Texas | Virginia | West Virginia

statutory mandate.  Accordingly, TJFO respectfully asks that the Court deny the Plaintiff's request to lift the stay and similarly deny Plaintiff's request to enter an order compelling TJFO to produce documents.

     We are pleased to answer any questions the Court may have and thank the Court for its attention to this matter.

                         Respectfully submitted,

| | |
|---|---|
| **NELSON MULLINS RILEY & SCARBOROUGH LLP**<br>*Co-Counsel for Defendant, The Jeffries Family Office, LLC*<br><br>By: */s/ Ryan K. Todd*<br>Mark F. Raymond (admitted PHV)<br>Ryan K. Todd (admitted PHV)<br>One Biscayne Tower, 21st Floor<br>Miami, FL 33131<br>Telephone: 305.373.9400<br>mark.raymond@nelsonmullins.com<br>ryan.todd@nelsonmullins.com<br><br>Mitchell Boyarsky<br>330 Madison Avenue, 27th Floor<br>New York Bar No. 2667780<br>New York, NY 10017<br>Telephone: 212-413-9000<br>mitch.boyarsky@nelsonmullins.com | **GRAYROBINSON, P.A.**<br>*Counsel for Defendant, The Jeffries Family Office, LLC*<br><br>By: */s/ John A. Boudet*<br>John A. Boudet, Esq. (admitted PHV)<br>301 East Pine Street, Suite 1400<br>Orlando, Florida 32801<br>Telephone: (407) 843-8880<br>john.boudet@gray-robinson.com |

As noted in my October 29, 2024, order staying this case, (ECF 112), because a "stay under 18 U.S.C. § 1595 applies to all defendants and all claims in a case, even if the civil case contains defendants and/or claims that are not at issue in the concurrent action," Plaintiff's request that Defendant Jeffries Family Office produce Non-Disclosure Agreements signed by the Class Members is **DENIED.**

The Clerk of Court is respectfully directed to close ECF 113.

**SO ORDERED.**

_____
Ona T. Wang
U.S.M.J. 12/6/2024